| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: TORT -PERSONAL INJURY- CONSTITUTIONAL RIGHTS |

| | |
|---|---|
| Lutheran Grozell Lake, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Anthony Smith, Danielle Evans, John Doe, Jane Doe, The City of Minneapolis, and Chief Janee Harteau | 27-CV-13- |
| Defendants. | |

## INTRODUCTION

1. This is an action for damages against the above-named Defendants in their joint and individual capacities for violation of the Plaintiffs' constitutional, civil, and human rights. Plaintiff Lake brings this complaint seeking damages and other relief against Defendants for violations of his civil and constitutional rights under both federal and state constitutions, violations of federal and state statutes, including 42 United States Code Section 1981, 1983, 1985, 1986 and 1988, and for common law tort claims as herein enumerated. Plaintiffs allege that Defendants caused physical injury, that the Defendant police officer/s and disregarded and abused legal process by arresting him without probable cause and under color of law; that they disregarded established custom and policy of the Minneapolis Police Department as well as applicable law, by using excessive force against him by slamming him to the ground and breaking his arm, injuring his face and property and, that

Exhibit B

despite him repeated pleas and cries of pain they persisted in their physical assault and battery of him.

2. Plaintiff alleges that the Defendants City of Minneapolis and the officers violated the rights and safety of plaintiff because they have knowingly and through deliberate indifference failed to properly train and supervise their police officers.

3. The incident giving rise to Plaintiff's claims took place on October 8, 2011 near the address of Olson Highway and Elwood in Minneapolis City of Minneapolis, County of Hennepin, Minnesota.

4. At all times material hereto, Lutheran Lake was a person of African-American descent residing in the State of Minnesota, County of Hennepin. Plaintiff is a protected class individual.

5. Defendant City of Minneapolis is a political entity and person under 42 U.S.C. § 1983 and the employer of the Defendant police officers and is sued pursuant to Minnesota Statutes Section 466.01, et seq. The appropriate claims are also based on Doctrine of Respondeat Superior against Defendant City of Minneapolis as the employer of Defendant officers.

6. Defendant Janee Harteau is the Minneapolis Police Chief. Harteau, allegedly, has the duty and responsibility of supervising, training and disciplining Minneapolis Police officers, including defendant officers herein. Defendant as the Chief of Police of the City of Minneapolis was responsible for the training, supervision, and conduct of the above-named Minneapolis police officer. Defendant is also responsible for enforcing the regulations of the Minneapolis Police Department and insuring that its police officers do not violate the rights of citizens, or disobey the laws of the State of Minnesota and the United States. She is being sued in her individual and official capacity.

Exhibit B

7. All Defendant police officers, including the named defendants were at the time and place of the incident working as on-duty Minneapolis Police officers and/or acting within the scope and course of their official duties and employment as officers with the City of Minneapolis Police Department.

8. At all times relevant hereto City of Minneapolis employed the above-named Defendant officers. The Defendant City maintains or maintained a policy or custom of illegal arrest of minorities which resulted in violation of the constitutional rights of plaintiff.

9. Plaintiff Lutheran Lake sues on her own behalf for damages, the deprivation of his constitutionally protected liberty and property interests, as well as him common law interests.

10. At all times mentioned herein, the Defendant Minneapolis Police Officers were acting in that capacity under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Minnesota and/or the City of Minneapolis and within the scope of their employment. They are being sued in their individual and official capacity.

11. Defendant City of Minneapolis is a municipal corporation within the State of Minnesota, and at all times relevant hereto employed the above-named Defendant police officers. The municipality maintains or maintained a policy or custom which resulted in violation of the constitutional rights of the Plaintiffs.

12. Said Defendants' actions are part of a continuing pattern and practice of constitutional violations, illegal conduct, and use of excessive force directed against African-American people which have been condoned and accepted by the Defendants and the Minneapolis Police Department and the City of Minneapolis.

Exhibit B

## CAUSES OF ACTION

1.

False Arrest and Imprisonment

Plaintiffs realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

14. On or about October 8, 2011, the defendant police officers observed a the plaintiffs vehicle near the intersection of Olson Memorial Highway and Elwood. The police claimed that the vehicle driven by the plaintiff at that time, did not give a signal as it turned right to go west on Olson Memorial Highway.

15. The defendant offices then initiated a spot of the plaintiffs vehicle. Plaintiff immediately pulled over to the left side of the roadway and stopped promptly after the police officers turn on their squad emergency lights.

16. Despite having stopped immediately, the police officers approached the plaintiffs vehicle with their guns drawn prepared to use deadly force in a simple purported traffic stop.

17. Unknown to the plaintiff, at that time, the police evidently were conducting some sort of training exercise as they also had a civilian or other ride alone person who was observing the actions on the part of the police.

18. After the police approached the plaintiffs vehicle, they immediately arrested him claiming that he was obstructing legal process.

Exhibit B

19. Acting in their capacities as police officers for the defendant city of Minneapolis, the defendant police officers, without warrant, judicial order or other authority of law, wrongfully, unlawfully, without probable cause, arrested plaintiff.

20. Plaintiff had committed no act to justify an arrest for obstruction.

21. Plaintiff had pulled all the promptly when the lights came on the police vehicle and was showing the police officers his hands at the time when he was forcefully removed from his vehicle and arrested.

22. In the course and process of the arrest, the plaintiff was injured. Plaintiff was thrown to the ground by police officers were they then were upon his back and twisting his arms thereby breaking his arm causing him permanent injury, pain and suffering, and physical impairment.

23. Plaintiff had not committed any crime amounting to obstructing and the arrest was improper and illegal, and in the force used was improper and illegal.

24. The force used by the police officers was excessive and thereby caused injury to plaintiff for which the defendants are liable.

25. In addition to the physical injuries to plaintiff, the officers also broke the plaintiff's glasses when they force his face into the ground also causing pain and injury to his face.

26. After his arrest, the police compelled plaintiff to go with police against his will to the Hennepin County jail where he was confined.

27. Plaintiff was illegally held against his will and thereafter was wrongfully and unlawfully detained.

Exhibit B

28. Plaintiff was eventually released from jail where he immediately then went to a medical doctor for treatment of his injuries.

29. Plaintiff was released without any charges.

30. Plaintiff was not aware of the identity of the officers who arrested him.

31. For the next six months, plaintiff attempted to determine the identity of the individuals who had arrested him and broken his arm and made inquiries of the Minneapolis Police Department in order to obtain this information.

32. After repeated requests for information related to this assault by the officers, apparently in retaliation for the plaintiff's request for information, the city of Minneapolis charged the plaintiff with a criminal offenseoximately six months after the arrest.

33. Plaintiff was charged with this criminal offense in retaliation for his efforts to try to hold the officers responsible who had committed battery upon his person and had broken his arm through the use of excessive force.

34. An effort to prosecute the plaintiff based upon the fabricated and false claim of arrest for obstructing legal process, the officers provided false testimony in order to justify their actions.

35. This false testimony has resulted in the plaintiff having to incur the expense of defending himself in the criminal action.

36. The sole basis for the false arrest was the claim that the plaintiff had obstructed legal process.

37. Plaintiff did not obstruct legal process in fact had simply stopped in response to the officers squad emergency lights.

6

Exhibit B

38. The actions on the part of the police officers falsely arresting him, and in providing false testimony resulted in the malicious prosecution of the plaintiff.

39. Plaintiff had been damaged by this effort which deprived him of his right to liberty, and other rights afforded him under the constitutions of the United States, the state of Minnesota, and under state and federal law.

40. At the time of his arrest, plaintiffs was acting in a quiet, peaceful, and law-abiding manner, and had not committed, nor was he committing any offense.

41. At no time during his arrest and confinement did he resist or attempt to resist Defendants or attack or attempt to attack them, or either of them or anyone else.

42. The actions of the officers were malicious, unjustified, unreasonable, and were or should have been known to violate Mr. Lake's rights, including rights to due; process and to be free from unreasonable seizures.

43. Plaintiff reported this incident to the City of Minneapolis. Nevertheless, Plaintiff alleges that Defendants' have actual or constructive knowledge of these claims. Further, Plaintiff has no obligation to provide noticy of his federal claims based on the Supremacy Clause of the United States Constitution. See *Felder v. Casey*, 487 U.S. 131, 146-47, 108 S. Ct. 2302,2311, 101 L. Ed. 2d 123 (1988).

44. Defendants in illegally and falsely seizing Plaintiff did so without probable case, warrant or complaint, thus causing Plaintiff to lose his liberty and freedom of movement without legal right or justification.

Exhibit B

45. Defendants did so maliciously and/or recklessly by assaulting him based on Plaintiff's race, color and appearance.

46. Such an assault is part of a pattern of police misconduct

47. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and or racial animus for Mr. Lake.

48. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

49. Defendants had their guns drawn ready to use deadly force, thereby threatening the plaintiff's life by their actions.

50. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, and faced the loss of his life and liberty.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## 2.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

52. The actions of Defendants Smith Evans and John Doe were malicious, unjustified and unreasonable and so

Exhibit B

outrageous as to be none endurable in a civilized society. Further such actions invaded and violated Plamtiffs liberty interests and rights. Such actions were unjustified, were not the actions of reasonably well-trained officers and were committed with malice and/or racial animus for Mr. Lake.

53. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

### 3.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

55. The actions as alleged herein of Officers Smith, Evans and John Doe and all officers at the scene negligently and maliciously placed Plaintiff Lake in a zone of danger where he faced the danger of further harm.

56. Further, the negligent actions of the Defendant officers invaded and violated the constitutional liberties and rights of Plaintiff. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Lake.

57. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

Exhibit B

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

### 4.

### 42 USC § 1983

### EXCESSIVE FORCE AND DUE PROCESS VIOLATIONS

58. Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

59. The actions of Defendant officers, including Officers Smith Evans and John Doe were conducted under color of law and while acting within the scope of their authority as Minneapolis Police officers.

60. Such actions intentionally and recklessly constituted "constitutional torts," including violating and depriving Mr. Lake of his rights to be free from unreasonable seizures, to be free from excessive force and his right to due process of law, all in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Section 1983.

61. Such actions were not the actions of objectively reasonably well-trained police officers and violated clearly and well-established rights of Mr. Lake. Further, the actions of the officers were inherently shocking to the conscience. See *Rochin v. California*, 342 U.S. 165, 96L. Ed. 183;72 S. Ct. 205 (1952).

62. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm,

Exhibit B

including the loss of constitutional rights and liberties, serious, temporary and/or permanent physical injury and other emotional and mental distress, resulting in harm and injury to P1alntiff.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

### 5.

### 42·U.S.C. § 1985

63. Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

64. The actions of Officers Smith, Evans and John Doe and other officers were conducted as a part of a tacit agreement or conspiracy to refuse to vindicate, protect or to not infringe the constitutional rights of plaintiff and African-American persons in the Citty of Minneapolis. Such a tacit agreement or conspiracy violates 42 U.S.C. § 1985 by "depriving a class of persons of rights because of race-based animus or hostility and deprives them of their constitutional rights through a pattern and practice of condoned illegal police behavior.

65. Defendant officers have acted in furtherance of this tacit agreement or conspiracy to violate Plaintiff's rights by giving false testimony and manufacturing a false basis for his illegal arrest for obstructing legal process.

66. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

Exhibit B

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## 6.

## 42 U.S.C. § 1983

## MONELL CLAIM

67. Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

68. The pattern or practice of illegal and condoned police misconduct is tacitly or overtly sanctioned by the conduct of Defendants Harteau and her predecessors and the City of Minneapolis.

69. Thus, such behavior is carried out pursuant to a policy, procedure or custom, whether formal or informal, which violates constitutional' rights of persons situated such as Plaintiff.

70. As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

Exhibit B

### 7.

### 42U.S.C. § 1986

71.  Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

72.  The actions of each police officer Defendant, the City of Minneapolis and Defendant Officers Smith, Evans and John Doe in failing to prevent such a tacit agreement and conspiracy to violate rights under 42 USC §§ 1985 and 1983 constitutes a violation of 42 USC § 1986.

73.  As a result of these illegal and unconstitutional policies, procedures or customs, 'Plaintiff suffered severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting. in harm and injury to Plaintiff.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

### 8.

### VIOLATIONS OF MHRA

74.  Plaintiff realleges and incorporate the preceding paragraphs of this complaint and for this count of the complaint state and allege as follows:

75.  Defendants' Officers Smith, Evans and John Doe's actions with respect to Plaintiff constituted both hostile and differential discriminatory treatment in the provision or lack of provision of public services to Plaintiff under Minnesota Statutes Chapter 363A.

Exhibit B

76. Defendant City of Minneapolis acted in a hostile, discriminatory and illegal fashion by unreasonably and unjustifiably seizing and arresting Plaintiff without probable cause. The individual Defendants, by their actions, aided and abetted this discriminatory conduct, policy or practice by their actions alleged herein; including by and through the following: by engaging in unlawful behaviors and failing to adequately hire, supervise, investigate, discipline, terminate and train its employees about excessive force, lethal force, encountering individuals who are African-American, and by failing to take reasonable steps to prevent its employees from engaging in excessive force, and by engaging in the use of excessive force.

Wherefore, Plaintiffs demands, jointly, and severally against all of the Defendants, as a direct and proximate cause of the actions of Defendant officers, damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

**PRAYER FOR RELIEF**

WHEREFORE, Lutheran Lake prays for judgment and the following relief against each and every Defendant, jointly and severally.

A. Reasonable damages in an amount in excess of Seventy-Five Thousand Dollars;

B. Injunctive and declaratory relief;

C. Attorneys fees and expert costs under 42 USC § 1988;

D. Any and all other relief available, including pre-verdict and post-verdict interest, costs, fees and disbursements; and

E. After motion, hearing, and Order, a claim and judgment for punitive damages.

F. Plaintiff demands a jury trial as to issues so triable.

14

Exhibit B

G. All available statutory damages, including treble and punitive damages pursuant to Minnesota Statutes arid 42 U.S.C. 1988.

Dated: October 3, 2013.

Law Offices of
Larry E. Reed

/s/ Larry E. Reed

Larry E. Reed #155883
PO Box 43596
Minneapolis, MN 55443
(612) 529-3322
Fax (612) 529-5229

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. Chapter 549, costs, disbursements and reasonable attorney's fees may be awarded to the opposing party or parties in this litigation if the court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or commit a fraud upon the court.

Dated: October 3, 2013.

Law Offices of
Larry E. Reed

/s/ Larry E. Reed

Larry E. Reed #155883
PO Box 43596
Minneapolis, MN 55443
(612) 529-3322
Fax (612) 529-5229

Exhibit B